**David ZINN, Michelle Baio, Plaintiffs–Appellants,**

**v.**

**SCI FUNERAL SERVICES OF FLORIDA, INC., a Florida corporation, Northstar Funeral Services of Florida, LLC, a Delaware limited liability company, Northstar Cemetery Services of Florida, LLC, a Delaware limited liability company, Levitt**

---

Weinstein Memorial Chapels, Inc., a Florida corporation, Levitt Weinstein Memorial Gardens, Inc., a Florida corporation, et al., Defendants–Appellees.

No. 13–11552.

United States Court of Appeals, Eleventh Circuit.

June 11, 2014.

Michael J. Avenatti, Scott H. Sims, Eagan Avenatti, LLP, Newport Beach, CA, Edward M. Ricci, Law Office Of Edward M. Ricci, Esq., Jupiter, FL, for Plaintiffs–Appellants.

Ted Christopher Craig, Christopher N. Johnson, Anastasia Protopapadakis, Grayrobinson, PA, Miami, FL, Jay Cohen, Rudwin Ayala, The Law Offices of Jay Cohen, Robin Corwin Campbell, Kopelowitz Ostrow Ferguson Weiselberg Keechl, Fort Lauderdale, FL, for Defendants–Appellees.

Before CARNES, Chief Judge, DUBINA and SILER,[*] Circuit Judges.

PER CURIAM:

This appeal arises from a decision by the district court dismissing the plaintiffs' complaint for lack of standing under Article III. The plaintiffs are two individuals who reserved grave plots and purchased pre-need burial services at cemeteries run by the defendants. They filed their original complaint in state court as a class action. The complaint alleged that the defendants routinely defiled the graves in their cemeteries through various unsavory practices, such as making room for more bodies by moving or damaging the outer burial containers of individuals who were already buried. It further alleged that the defendants covered up those defilements so that customers would not learn about them. Based on those allegations, the original complaint sought damages on behalf of all the individuals who had loved ones buried at those cemeteries, as well as all the individuals who had reserved grave plots or purchased pre-need burial services at those cemeteries.

After the defendants removed the case to federal court using a provision of the Class Action Fairness Act, see 28 U.S.C. § 1332(d)(2)(A), the plaintiffs amended their complaint to remove the request for class action certification. But when the plaintiffs amended their complaint, they failed to include any factual allegations establishing that the grave plots they reserved had actually been affected by the alleged acts of the defendants.

As a result, their amended complaint does not allege the injury-in-fact necessary to establish standing under Article III. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Similarly, their failure to allege any personal detriment means that their Florida statutory claims assert mere "abstract statutory violation[s]," which Article III prevents us from deciding. See Charvat v. Mut. First Fed. Credit Union, 725 F.3d 819, 824 (8th Cir. 2013). We therefore affirm the district court's decision to dismiss the plaintiffs' complaint with prejudice. We note that our conclusion is consistent with an earlier decision by another panel of this Court holding that a nearly identical complaint failed

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

to satisfy the injury-in-fact requirement. *See Schwartz v. SCI Funeral Servs. of Fla.,* 554 Fed.Appx. 823 (11th Cir.2014).

AFFIRMED.